UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Ulrich, Jayden Ulrich,       ) | |
|                                      ) | |
|     Plaintiffs,  ) | |
|                                      ) | |
|     v.           ) | Civil Action No.  14-1069 (UNA) |
|                                      ) | |
| Barack Obama, President of the United States,   ) | |
|                                      ) | |
|     Defendant.   ) | |

MEMORANDUM OPINION

Plaintiffs, proceeding *pro se*, are an incarcerated father and his 13-year-old daughter suing President Barack Obama purportedly on behalf of "all other similarly situated females, (e.g. Queen Elizabeth of England & Princess Kate Windsor, Michele [sic] Obama & Daughters)." Compl. Caption & Compl. ¶ 8.  Although the complaint contains separate signatures purporting to be that of the father and the daughter, the signatures appear to be written by the same person.  Regardless, given the daughter's minor status, the Court will treat this action as brought only by the father and will dismiss it under 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint found to be frivolous.

Plaintiff takes issue with the lack of feminine pronouns in the U.S. Constitution.  *See* Compl. ¶¶ 13-35.  He brings this case "to protect his daughter and others against discrimination by the working of the United States Constitution and how their young & impressionable minds would perceive themselves in relations to their equals (males)." Compl. ¶ 3.  Plaintiff sues President Obama in his individual and official capacities, *id*. ¶ 7, because "[h]e took an oath . . . to preserve, protect and defend the Constitution of the United States." *Id*. ¶ 6 (citing Art. II Sect.

1, Cl. 8). Plaintiff seeks, among other equitable relief, "a declaration ordering the Defendant Barrack [sic] Obama to change the gender discrimination from the United States Constitution or Impeachment." *Id.* ¶ 50. In addition, plaintiff seeks money damages exceeding $2,000. *Id.* ¶¶ 48-49.

"[A] complaint, containing . . . both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint containing "essentially fictitious" allegations, *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994), or "postulating events and circumstances of a wholly fanciful kind" is subject to dismissal as frivolous. *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). In addition, a frivolous "finding is appropriate when the facts alleged are irrational or wholly incredible." *Jordan v. Quander*, 882 F. Supp. 2d 88, 97 (D.D.C. 2012) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The instant complaint satisfies the foregoing standard. A separate order of dismissal accompanies this Memorandum Opinion.

Date: December __5__, 2014

_____
United States District Judge